UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re MEDTRONIC, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>　　ALL ACTIONS. | Master File No. 0:13-cv-01686-MJD-KMM<br><br>CLASS ACTION<br><br>ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES |

This matter having come before the Court on December 11, 2018, on the motion of Lead Counsel for an award of attorneys' fees and expenses and Class Representatives' costs and expenses in the Litigation, the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated July 17, 2018 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure and the Court's Amended Order Preliminarily Approving Settlement and Providing for Notice dated August 16, 2018 (ECF No. 524) (the "Preliminary Approval Order"), due and adequate notice was directed to all Class Members, including individual notice to those Class Members who could be identified through reasonable effort, advising them of Lead Counsel's request for attorneys' fees and expenses and reimbursement of costs and expenses to Class Representatives in connection with their representation of the Class, and of their right to object thereto, and a full and fair opportunity was accorded to Class Members to be heard with respect to the request for attorneys' fees and expenses, and there were no objections to the request for attorneys' fees and expenses.

4. The Court hereby awards Lead Counsel attorneys' fees in the amount of $7,568,000.00 (which is 17.6% of the settlement fund), plus expenses in the amount of $1,022,639.88, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate

and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

5. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $43,000,000.00 in cash that has been funded into escrow under the Stipulation, and Class Members who submit acceptable Proof of Claim and Release forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) the fee sought by Lead Counsel has been reviewed and approved as reasonable by Class Representatives, institutional investors, that were all involved in overseeing the prosecution and resolution of the Litigation;

(c) Copies of the Notice were mailed to over 452,000 potential Class Members and nominees stating that Lead Counsel would apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Amount, and expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against Defendants, in an amount not to exceed $1,250,000.00, plus interest on both amounts. The Notice advised Class Members of their right to object to Lead Counsel's motion for attorneys' fees and expenses, and a full and fair

opportunity was accorded to persons who are Class Members to be heard with respect to the motion. No objections to the fees and expenses requested by Lead Counsel have been received;

(d) Plaintiffs' Counsel have conducted the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e) The Litigation involves complex factual and legal issues, and, in the absence of Settlement, would involve further lengthy proceedings with uncertain resolution if the case were to proceed to trial;

(f) Lead Counsel have pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee award has been contingent on the result achieved;

(g) Plaintiffs' Counsel have devoted over 35,300 hours to this Litigation, with a lodestar value of $18,860,153.35, to achieve the Settlement;

(h) The amount of attorneys' fees is consistent with awards in similar cases and supported by public policy; and

(i) The amount of expenses awarded is fair and reasonable and these expenses were necessary for the prosecution and settlement of the Litigation.

6. The fees and expenses shall be allocated among Plaintiffs' Counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each such counsel's contribution to the institution, prosecution, and resolution of the Litigation.

7. Pursuant to 15 U.S.C. §78u-4(a)(4), Class Representatives Employees' Retirement System of the State of Hawaii, Union Asset Management Holding AG, and West Virginia Pipe Trades Health & Welfare Fund are awarded $20,000.00, $12,600.00, and $17,867.50, respectively, for their representation of the Class during the Litigation.

8. The awarded attorneys' fees and expenses and interest earned thereon shall immediately be paid to Lead Counsel subject to the terms, conditions, and obligations of the Stipulation, and in particular ¶6 thereof, which terms, conditions, and obligations are incorporated herein.

9. Any appeal or any challenge affecting the Court's approval of any attorneys' fee and expense application will in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

10. The Court retains exclusive jurisdiction over the parties and Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11. If the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order will be rendered null and void to the extent provided by the Stipulation.

12. Therefore, Lead Counsel's Motion for Attorneys' Fees and Expenses and Reimbursement of Class Representatives' Costs and Expenses (ECF No. 529) is **GRANTED**.

Dated: December 11, 2018     s/ Michael J. Davis
                                                MICHAEL J. DAVIS
                                                UNITED STATES DISTRICT COURT