UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re MEDTRONIC, INC. SECURITIES LITIGATION | ) )  )  )  )  )  )  )  ) | Master File No. 0:13-cv-01686-MJD-KMM <br> CLASS ACTION <br> ORDER AND FINAL JUDGMENT |
| This Document Relates To: | |
| ALL ACTIONS. | |

On the 11th day of December, 2018, a hearing having been held before this
Court pursuant to the Amended Order Preliminarily Approving Settlement and
Providing for Notice dated August 16, 2018 (the "Preliminary Approval Order"),
to determine: (1) whether the terms and conditions of the Stipulation of
Settlement dated July 17, 2018 (the "Stipulation"), are fair, reasonable, and
adequate for the settlement of all claims asserted by the Class against the
Defendants in the operative complaint now pending in this Court under the
above caption (the "Litigation"), including the release of the Released Persons,
and should be approved; (2) whether judgment should be entered dismissing the
Litigation on the merits and with prejudice in favor of the Defendants herein and
as against all persons or entities who are Members of the Class herein who have
not timely and validly requested exclusion therefrom; (3) whether to approve the

Plan of Allocation as a fair and reasonable method to allocate the Settlement

proceeds among the Members of the Class; and (4) whether and in what amount

to award Plaintiffs' Counsel fees and expenses and Plaintiffs' expenses.  The

Court having considered all matters submitted to it at the hearing and otherwise;

and it appearing that a notice of the hearing, substantially in the form approved

by the Court, was mailed to all individuals and entities, reasonably identifiable,

who purchased or otherwise acquired Medtronic, Inc. ("Medtronic") publicly

traded common stock during the period between September 8, 2010 and June 28,

2011, inclusive (the "Class Period"), as shown by the records compiled by the

Claims Administrator in connection with its mailing of the Notice, at the

respective addresses set forth in such records, and that a summary notice of the

hearing, substantially in the form approved by the Court, was published

pursuant to the Preliminary Approval Order as set forth in the Declaration of

Carole K. Sylvester Regarding Notice Dissemination, Publication, and Requests

for Exclusion Received to Date, and the Supplemental Declaration of Carole K.

Sylvester; and the Court having considered and determined the fairness and

reasonableness of the award of attorneys' fees and expenses requested by Lead

Counsel; and all capitalized terms used herein having the meanings set forth and

defined in the Stipulation.

- 2 -

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over the Plaintiffs, all Class Members, and Defendants.

2.      Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The Court finds that the form and method of notifying the Class of the pendency of this Litigation as a class action and of the terms and conditions of the proposed Settlement:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Litigation; (ii) the effect of the proposed Settlement (including the releases to be provided thereunder); (iii) Lead Counsel's application for fees and expenses and Plaintiffs' expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's application for fees and expenses and Plaintiffs' expenses; (v) the right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the

proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal

Rules of Civil Procedure, the United States Constitution (including the Due

Process Clause), Section 21 of the Securities Exchange Act of 1934, 15 U.S.C.

§78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995

(the "PSLRA"), 15 U.S.C. §78u-4, *et seq.*, as amended, and all other applicable

laws and rules.

3.     Defendants have complied with the Class Action Fairness Act of

2005 ("CAFA"), 28 U.S.C. §1715, *et seq.*  Defendants timely mailed notice of the

Settlement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney

General of the United States of America, and the Attorneys General of all States

in which Members of the Class reside.  The notice contains the documents and

information required by 28 U.S.C. §1715(b)(1)-(8).  The Court finds that

Defendants have complied in all respects with the requirements of 28 U.S.C.

§1715.

4.     Pursuant to, and in accordance with, Rule 23 of the Federal Rules of

Civil Procedure, the Court hereby fully and finally approves the Settlement set

forth in the Stipulation in all respects (including, without limitation, the amount

of the Settlement, the releases provided for therein, and the dismissal with

prejudice of the claims asserted in the Litigation), and finds that the Settlement

is, in all respects, fair, reasonable, adequate, and in the best interests of the Class.

Subject to the terms and provisions of the Stipulation and the conditions therein

being satisfied, the parties are directed to consummate the Settlement.

5.      All of the claims asserted in the Litigation are hereby dismissed in

their entirety with prejudice.  The Settling Parties shall bear their own costs and

expenses, except as otherwise expressly provided in the Stipulation.

6.      The terms of the Stipulation and of this Judgment shall be forever

binding on Plaintiffs, Defendants, and all other Class Members (regardless of

whether or not any individual Class Member submits a Proof of Claim or seeks

or obtains a distribution from the Net Settlement Fund), as well as their

respective successors and assigns.  The Persons listed on Exhibit 1 hereto are

excluded from the Class pursuant to request and are not bound by the terms of

the Stipulation or this Judgment.

7.      The releases as set forth in ¶¶4.1-4.4 of the Stipulation (the

"Releases"), together with the definitions contained in ¶¶1.1-1.31 relating

thereto, are expressly incorporated herein in all respects.  The Releases are

effective as of the Effective Date.

8.      Upon the Effective Date, Plaintiffs and each and all of the Class

Members who have not timely opted out of the Class ("Class Releasors") are

hereby permanently barred and enjoined from the assertion, institution,

maintenance, prosecution, or enforcement against Defendants or any Released

Persons in any state or federal court or arbitral forum, or in the court of any

foreign jurisdiction, of any and all Released Claims (including, without

limitation, Unknown Claims), as well as any other claims arising out of, relating

to or in connection with, the defense, settlement, or resolution of the Litigation or

the Released Claims, regardless of whether such Class Member executes and

delivers a Proof of Claim.

9.      Upon the Effective Date, Plaintiffs shall, and each of the Class

Members shall be deemed to have, and by operation of this Judgment shall have,

fully, finally, and forever released, relinquished, and discharged all Released

Claims against the Released Persons.  Plaintiffs and each Class Member are

bound by this Judgment, including, without limitation, the release of claims as

set forth in the Stipulation.  The Released Claims are hereby compromised,

settled, released, discharged, and dismissed as against the Released Persons on

the merits and with prejudice by virtue of the proceedings herein and this

Judgment.

10.     Upon the Effective Date, each of the Released Persons shall be

deemed to have, and by operation of this Judgment shall have, fully, finally, and

forever released, relinquished, and discharged Plaintiffs, each and all of the Class

Members, and Plaintiffs' Counsel from all claims (including, without limitation,

Unknown Claims) arising out of, relating to, or in connection with the institution,

prosecution, assertion, settlement, or resolution of the Litigation or the Released

Defendants' Claims.

11.     Pursuant to the PSLRA, upon the Effective Date, all claims by any

individual or entity for contribution or indemnity arising out of the Litigation,

however such claims are denominated, shall be barred against the Released

Persons.

12.     Neither this Judgment, the Stipulation (whether or not

consummated), including the Exhibits thereto and the Plan of Allocation

contained therein (or any other plan of allocation that may be approved by the

Court), nor any of their terms and provisions, nor any of the negotiations,

discussions, or proceedings connected with the Stipulation, nor any act

performed or document executed pursuant to or in furtherance of the

Stipulation, or the Settlement (including any arguments proffered in connection

therewith), nor any of the documents or statements referred to therein nor any

payment or consideration provided for therein, shall be:

(a)     offered or received against the Released Persons as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by the Plaintiffs or the validity of any claim that has been or could have been asserted in this Litigation or in any other litigation alleging a Released Claim, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other litigation alleging a Released Claim, or of any liability, negligence, fault, or wrongdoing of any kind of the Released Persons;

(b)     offered or received against the Released Persons as evidence of a presumption, concession or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Persons;

(c)     offered or received against the Released Persons as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Persons, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that

the Released Persons may refer to it to effectuate the liability protection granted

them hereunder;

(d)     offered or construed as evidence that a class should or should

not be certified in the Litigation if the Settlement is not consummated;

(e)     construed against the Released Persons as an admission or

concession that the consideration to be given hereunder represents the amount

which could be or would have been recovered after trial; or

(f)     construed as or received in evidence as an admission,

concession, or presumption against Plaintiffs or any of the Class Members that

any of their claims are without merit, or that any defenses asserted by the

Released Persons have any merit or that damages recoverable under the

operative complaint would not have exceeded the Settlement Fund.

13.     Notwithstanding the provisions of the preceding paragraph, the

Released Persons and their respective counsel may refer to or file the Stipulation

and/or this Judgment in any action that may be brought against them in order to

support a defense, claim, or counterclaim based on principles of *res judicata*,

collateral estoppel, release, good faith settlement, judgment bar or reduction or

any other theory of claim preclusion or issue preclusion or similar defense or

counterclaim or otherwise to enforce the terms of the Settlement.

14.     The Court finds that Medtronic has satisfied its financial obligations under the Stipulation by paying or causing to be paid $43,000,000.00 to the Settlement Fund.

15.     The Court finds and concludes that the Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and/or settlement of this Litigation.

16.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Separate orders shall be entered regarding approval of a plan of allocation and Lead Counsel's application for an award of attorneys' fees and expenses.

17.     Any appeal or any challenge affecting the approval of:  (a) the Plan of Allocation submitted by Lead Counsel; and/or (b) this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

18.    Without affecting the finality of this Judgment in any way, jurisdiction is hereby retained over Defendants, Plaintiffs, and Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment, including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Members of the Class.

19.    In the event that the Settlement does not become Effective in accordance with the terms of the Stipulation, or is terminated pursuant to ¶7.3 of the Stipulation, ¶¶7.6 and 7.7 of the Stipulation shall apply and this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to May 31, 2018.

20.    Without further order of the Court, the parties to the Stipulation are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any Exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without

further order of the Court, the parties to the Stipulation may agree to reasonable

extensions of time to carry out any of the provisions of the Stipulation.

21.     The Court has considered the objection filed by Anthony M.

Chasensky and finds it to be without merit.  Therefore, it is overruled.

22.     There is no just reason for delay in the entry of this Judgment as a

final judgment in this Litigation and immediate entry by the Clerk of the Court is

expressly directed.

**LET JUDGMENT BE ENTERED ACCORDINGLY**


 DATED:   December 11, 2018                  s/ Michael J. Davis
                                             MICHAEL J. DAVIS
                                             UNITED STATES DISTRICT COURT

# EXHIBIT 1

| Name |
|------|
| Alexander MacKenzie |
| Joseph Raymond Fitzpatrick Jr |
| Sheila Hostetler Heal |
| Roger K. Anderson and Mary N. Anderson |
| Gail P. Wolfe |
| Terry Pickel |
| Joseph S. Michalek (The Michalek Family Living Trust) |
| Hubert D. Brady |
| Joe L. Lamorie |
| Betty Jo Thompson |
| Kham D. Chittaphong |
| Ann N. Shields |
| Donald H. Beck and Shirley U. Beck |
| Joyce Krumm (Alix Wasilenko Testamentary Trust) |
| Grant Baumgartner |
| Richard P. and Nancy S. Repshas |
| Janis Rawle |
| Gayle Boldt |
| Brent M. Griffin |
| Dustin Loomis |
| Francoise Regnier Bretagne |
| VJF Holdings Limited (formerly as V&A Nominees Limited) |
| Contrarius Investment Management Limited ("CGAFI") |
| Contrarius Investment Management Limited ("CGEFI") |
| Contrarius Investment Management Limited ("CGEF") |